# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM C. FROEMMING,

                Plaintiff,

v.

CITY OF WEST ALLIS, CHIEF OF POLICE PATRICK MITCHELL, SGT. WAYNE TREEP, OFFICER LETE CARLSON, and OFFICER RYAN STUETTGEN,

                Defendants.

Case No. 19-CV-996-JPS

**ORDER**

**1.    BACKGROUND & PROCEDURAL POSTURE**

On September 23, 2022, pro se Plaintiff William E. Froemming ("Plaintiff") filed a "motion to disqualify defense counsel for ethics violations and fraud on the court." ECF No. 45. In that motion, Plaintiff requests that the Court take the following actions:

- Disqualify Rebecca Monti from this case for reasons listed [herein].
- Consider disqualifying Kail Decker from this case . . .
- Adjourn the trial date to deal with these matters which certainly affect the fairness and impartiality of this litigation including the pending trial and possible appeals.
- Allow plaintiff to file an interlocutory motion with the appeals court to consider the corrupted Motion to Compel ruling made by this Court on September 13, 2022.
- Reconsider the Motion to Compel . . . .
- Issue formal written rulings on all motions so they will be available on appeal if necessary . . . .

- Forward details of this Fraud on Court accusation and the ABA rules violations to the appropriate authorities and governing bodies.
- The Honorable JP Stadtmueller sua sponte recuses himself from this case.

*Id*.

Plaintiff cautioned that, should the Court not comply with his request for "formal written rulings" prior to trial, he would file "a writ of mandamus to secure such decisions in writing including legal basis for decisions." *Id*. at 14.

Defendants responded to the motion on September 26, 2022. ECF No. 46. On September 27, 2022, Plaintiff filed a reply. ECF No. 47. Also on September 27, 2022, Defendants filed a surreply. ECF No. 48. That reply was not authorized, and the Court will not consider it for purposes of this Order. *See Jeffries v. Wells Fargo Bank, NA,* No. 10-CV-5889, 2011 U.S. Dist. LEXIS 121405, at *6–7 (N.D. Ill. Oct. 19, 2011) (discussing the filing of a surreply as requiring a motion for leave, the granting of which is within the court's discretion) (internal citation omitted). For the reasons stated herein, the Court will deny Plaintiff's motion as lacking in both law and fact.[1]

## 2. ANALYSIS

### 2.1 Motion for Disqualification

Plaintiff first seeks that the Court disqualify counsel for Defendants (principally, Plaintiff seeks dismissal of Attorney Rebecca Monti ("Attorney

---

[1]The core facts which underlie Plaintiff's claims may be found summarized at pages 2–5 of the Court's February 5, 2021 decision on summary judgment, ECF No. 22, and need not be repeated here.

Monti"), but also requests dismissal of Attorney Kail Decker), and that all of Attorney Monti's submissions to this Court be reviewed for accuracy. ECF No. 45 at 1. Plaintiff claims that Attorney Monti lied to both him and the Court when she presented the scope of the case as being limited to only "plaintiff's allegations of excessive force," when in reality issues relating to policies of the City of West Allis survived summary judgment. *Id*. at 2.

As enunciated in Defendants' response, Plaintiff fails to address in his motion the required mens rea on the part of Attorney Monti. Innocently misstating the scope of the case does not constitute perjury or fraud on the court. Plaintiff's assertion that Attorney Monti should be disqualified because she lied in advising the Court that Plaintiff was uncommunicative is similarly meritless. Her perspective of Plaintiff as uncommunicative is best viewed as a matter of opinion, and by no means does the Court consider the opinion to rise to a level of objective fact. It is certainly not a proper basis for disqualification.

Plaintiff also asserts that counsel for Defendants should be disqualified because they mischaracterized to the Court the scope of Plaintiff's discovery request. *Id*. at 5. Again, their interpretation of Plaintiff's request appears to have been an innocent misreading of an admittedly complicated written request. Plaintiff had requested the following: "I will need from the City of West Allis and the WAPD, digital copies of all complaints filed against WAPD, any of it's employees and/or the City of West Allis . . ." *Id*. at 5 (citing ECF No. 35). Defendants mistakenly understood this as a request for "any complaint, response, and related materials regarding the complaints filed against any City of West Allis

employee or the City itself." *Id*. (citing ECF No. 36). The Court cannot say that this is such a ludicrous reading of the request that Defendants must have done so with malicious intent.

Plaintiff further asserts that Defendants lied to him when Attorney Monti emailed him stating that she "[didn't] believe any fees were ever paid for the depositions." ECF No. 45 at 6. According to Plaintiff, this is "yet another example of Rebecca Monti trying to lie her way into favor with the court . . . ." *Id.* Again, Plaintiff has not even made a colorable allegation that Attorney Monti *knowingly* lied to him or the Court. Attorney Monti expressly included in her email the language "I believe"—i.e., an indication that she thought her representation to be the case but couldn't say definitively.

Plaintiff has adduced nothing showing that counsel for Defendants knowingly lied to the Court or, for that matter, to him. No fraud on the court has been committed. Accordingly, the Court will not grant Plaintiff's motion on those bases. For the same reason, the Court will decline to "forward details" of these allegations to the "appropriate authorities and governing bodies" and will also decline to "void[] the entire proceeding" considering the alleged "trail of lies and lack of ethical standards thus far by the defense counsel . . . ." *Id*. at 8, 13.

**2.2   Motion for Presiding Judge to Exercise Sua Sponte Recusal**

Plaintiff also requests that presiding Judge J.P. Stadtmueller sua sponte recuse himself from this case. *Id*. at 13. He does not provide any legal or factual basis in support of this request. He does not state the applicable

standard for recusal, nor does he argue that the circumstances here meet any such standard.

Just as a judge is obligated to recuse himself from a case when there is a legitimate reason for doing so, a judge is similarly obligated "not to recuse himself" when there is no such reason for doing so. *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981). A judge need only recuse himself where he has "personal bias or prejudice against the party" or "personal knowledge of disputed evidentiary facts concerning the proceedings." *Mitchell v. Daniels*, No. 06-CV-624-DRH-SCW, 2013 U.S. Dist. LEXIS 41100, at *1–2 (S.D. Ill. Mar. 25, 2013) (citing 28 U.S.C. §§ 455(a), (b)(1)). There is no legitimate basis for mandatory recusal here, and Plaintiff has not even attempted to argue otherwise. He has made only a bald, utterly unsupported demand for sua sponte recusal, to which the Court declines to accede. Accordingly, the Court will deny Plaintiff's request that the presiding judge recuse himself.

### 2.3 Motion for Interlocutory Appeal

Interlocutory relief is governed by 28 U.S.C. § 1292. According to that rule,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order *involves a controlling question of law* as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292 (emphasis added).

Page 5 of 10

Case 2:19-cv-00996-JPS   Filed 09/28/22   Page 5 of 10   Document 49

First, Plaintiff fails to even acknowledge 28 U.S.C. § 1292 (or any legal basis at all, for that matter), let alone attempt to argue as to whether the Court's order on his motion to compel met the above criteria. But even if he had, any such attempts would have been unsuccessful. The order denying Plaintiff's motion to compel simply does not involve a "controlling question of law," let alone one that may "materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292. Plaintiff has made no attempt to argue otherwise. Accordingly, the Court will deny his request.

### 2.4 Motion for Reconsideration

Plaintiff requests that the Court reconsider its ruling on his motion to compel but again fails to provide any sufficient legal or factual basis to support that request. He states that the Court should "[r]econsider the Motion to Compel, using the limited wording of plaintiff's original request rather than Rebecca Monti's made up and exaggerated version." ECF No. 45 at 13. This erroneously suggests that the Court's ruling was based, either entirely or at least in part, on Attorney Monti's "made up and exaggerated version" of Plaintiff's discovery request.

The Court denied Plaintiff's motion to compel from the bench, citing the fact that it was untimely, having been filed all but three years after Plaintiff commenced this action, over two years after the initial discovery requests at issue and the responses thereto,[2] and literally on the eve of the scheduled trial date. "The Federal Rules of Civil Procedure provide a court

---

[2] *See* ECF No. 36 at 2 ("Defendants replied to Plaintiff's written interrogatories and requests for production on April 10, 2020") (citing ECF No. 35-3).

with broad discretion in resolving discovery disputes." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Courts have "considerable discretion in deciding whether motions to compel have been timely filed." 7 MOORE'S FEDERAL PRACTICE – CIVIL § 37.05. Plaintiff has shown no error in the Court's ruling and has demonstrated no grounds sufficient for reconsideration thereof. Accordingly, the Court will deny Plaintiff's request for reconsideration of his motion to compel.

### 2.5 Motion for Adjournment

Plaintiff additionally seeks to adjourn the trial date of October 3, 2022 on the grounds that the allegations discussed above regarding Defendants "certainly affect the fairness and impartiality of this litigation including the pending trial and possible appeals." ECF No. 45 at 13. In light of the Court's conclusion that Plaintiff's allegations of perjury and fraud on the court by Defendants are wholly without merit, no legitimate reason to adjourn the trial remains. Just as compelling is the fact that this case, now pending for over three years, is the oldest case on the Court's civil docket. The Court will deny Plaintiff's motion to adjourn the trial.

### 2.6 Request for Written Opinions

Plaintiff also requests that the Court [i]ssue formal written rulings on all motions so they will be available on appeal if necessary." *Id*. He advises that if "formal written rulings with basis for decisions are not issued before any trial commences, plaintiff will be filing for a writ of mandamus to secure such decisions in writing including legal basis for decisions." *Id*. at 13–14.

Plaintiff is not entitled to a formal written opinion on all non-dispositive requests he makes to the Court. The motion at issue was not one for dispositive relief, such as for summary judgment, in which case a written opinion might be warranted.[3] The Court ruled on Plaintiff's motion to compel from the bench during the final pretrial conference with the parties on September 13, 2022, providing the parties with the Court's reasoning at that time. The Court was within its right to handle the motion in that manner. *See Schmidt v. Mars, Inc.*, No. 09-3008 (PGS), 2011 U.S. Dist. LEXIS 63961, at *6–7 (D.N.J. June 13, 2011) (denying plaintiff's appeal of denial of plaintiff's motion to compel where plaintiff claimed that plaintiff did not have the benefit of a written opinion explaining why the motion to compel was denied). Plaintiff is reminded that if he desires to review the denial of his motion to compel, he is free to order a copy of the transcript of the final pretrial conference from the court reporter covering the hearing at which the Court so ordered.[4] *See* ECF No. 44.

### 3. CONCLUSION

For the reasons discussed above, the Court will deny Plaintiff's motion in its entirety. Plaintiff's eleventh-hour motion is a blatant and improper attempt at evading the trial in which, a few days from now, Plaintiff is expected to present his case before a jury. A review of the briefing on this motion reveals that Plaintiff's requests are without merit and an utter waste of the Court's limited resources. Plaintiff may be a pro

---

[3] *See Peck v. Bridgeport Machs., Inc.*, 237 F.3d 614, 617 ("We are handicapped in our review of this case because the district court did not prepare a written opinion explaining its reasoning for granting summary judgment.").

[4] https://www.wied.uscourts.gov/transcript-orders

se litigant, but that unequivocally does not "entitle [him] to a general dispensation from the rules of procedure." *See 3SM Realty & Dev., Inc. v. FDIC*, 393 Fed. Appx. 381, 383 (7th Cir. 2010). Nor does Plaintiff's "pro se status exempt him from the basic principle that '[l]awyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won.'" *Moore v. Pipefitters Ass'n Local Union 597, U.A.*, 306 F.R.D. 187, 195 (N.D. Ill. 2014). If Plaintiff is under the impression that there is one set of rules applicable to attorneys and an entirely different set of rules applicable to pro se litigants, he is sorely misguided.

As noted previously, Plaintiff has alluded to his intent to request a writ of mandamus from the Seventh Circuit and to seek interlocutory relief therein. Should Plaintiff choose to do so, he must file any notice of appeal with the Clerk of Court for the Eastern District of Wisconsin by 12 PM CT on Friday, September 30, 2022.[5] If Plaintiff does so, the trial will be stayed pending further order from the Court of Appeals.[6] Absent the timely filing of any such notice of appeal, the trial will proceed as scheduled. Again, it remains Plaintiff's responsibility to order a copy of the transcript of the final

---

[5]*See* Fed. R. App. P. 21 ("A party petitioning for a writ of mandamus or prohibition directed to a court must file a petition with the circuit clerk and serve it on all parties to the proceeding in the trial court. *The party must also provide a copy to the trial-court judge.*") (emphasis added).

[6]*See* 28 U.S.C. § 1292 (b) ("That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."); *see also Woodson v. Surgitek*, 57 F.3d 1046, 1416 (5th Cir. 1995) ("[T]he Federal Rules of Civil Procedure do not provide for an <u>automatic</u> stay of district court proceedings while a petition for writ of mandamus is pending.") (emphasis added).

pretrial conference and submit it to the Court of Appeals should he move forward with an appeal or a petition for a writ of mandamus.[7]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to disqualify opposing counsel and for other various action by the Court, ECF No. 45, be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that should Plaintiff undertake any appeal or petition for writ of mandamus before trial, he must file a notice with the Clerk of Court for the Eastern District of Wisconsin no later than 12 PM CT on Friday, September 30, 2022.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2022.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[7] *See Wilson v. Smith,* No. 91-16414, 1992 U.S. App. LEXIS 23040, at *2 (9th Cir. 1992) ("A pro se litigant proceeding in forma pauperis is entitled to production of a transcript at government expense if the district court certifies that the appeal is not frivolous but presents a substantial question") (citing 28 U.S.C. § 753(f)). Froemming is not proceeding in forma pauperis.