# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM C. FROEMMING,<br><br>         Plaintiff,<br><br>v.<br><br>OFFICER LETE CARLSON, OFFICER RYAN STUETTGEN, and SERGEANT WAYNE TREEP,<br>         Defendants. | Case No. 19-CV-996-JPS<br><br><br>**ORDER** |

## 1.  INTRODUCTION AND BACKGROUND

In February 2023, a jury convened in this matter returned a verdict for Defendants Officer Lete Carlson, Officer Ryan Stuettgen, and Sergeant Wayne Treep ("Defendants"). ECF No. 61. In June 2023, the Court granted in part Defendants' second motion for sanctions against Plaintiff William C. Froemming ("Plaintiff"). ECF Nos. 67, 73. As a sanction against Plaintiff, the Court ordered Plaintiff to pay to the Clerk of Court the full cost of empaneling the jury for trial in this matter, which amounted to $1,118.18. ECF No. 73 at 41. The Court also ordered Plaintiff to pay Defendants' "reasonable attorneys' fees and costs associated with responding to Plaintiff's motion for mistrial" and dismissed the action with prejudice and with costs for Defendants. *Id.* at 41–42. The Court additionally ordered that "should Plaintiff elect to file an appeal in this matter, Plaintiff is ordered to post a bond or the cash equivalent for the reasonable attorneys' fees and costs incurred by defense counsel in responding to Plaintiff's motion for mistrial, . . . ; the cost of having empaneled the jury; and Defendants' costs in this action as may be taxed by the Clerk of the Court." *Id.* at 42.

Plaintiff paid no portion of these sums while proceeding to file a notice of appeal. ECF No. 79. Shortly thereafter, Defendants moved the Court to enforce its order requiring the posting of a bond as a condition of appeal. ECF No. 83. In August 2023, the Court granted that motion, reducing Defendants' requested fees and ordering Plaintiff to post a bond or the cash equivalent in the total amount of $13,020.38. ECF No. 87 at 9–10 ($11,350.00 in attorneys' fees, $552.20 in costs, and $1,118.18 as the cost of empaneling the jury). The Court warned that "[f]ailure to [post such bond] w[ould] result in . . . conveyance of that failure to the Seventh Circuit Court of Appeals for its consideration." *Id.* at 10. Plaintiff again failed to post any portion of that bond amount, so the Court made good on its warning and conveyed such failure to the Seventh Circuit. *See Froemming v. City of West Allis et al.*, No. 23-2380 (7th Cir. 2023), ECF No. 8.[1]

In September 2023, Defendants filed the instant motion for a finding of civil contempt against Plaintiff. ECF No. 88. As grounds for the motion, Defendants point to Plaintiff's "continued refusal to post any bond this Court" ordered. *Id.* at 2.

At this juncture the appeal process in the Seventh Circuit remains ongoing.

2.      **LAW AND ANALYSIS**

2.1      **Jurisdiction to Entertain the Motion**

At the outset, the Court notes that it may address the instant motion for a finding of civil contempt notwithstanding the pendency of an appeal

---

[1]Plaintiff's misconduct has continued beyond this Court into his appeal before the Seventh Circuit. On August 22, 2023, Plaintiff filed before the Seventh Circuit a brief containing over a dozen nonexistent citations with unsupported assertions and nonexistent quotations. *See generally Froemming v. City of West Allis et al.*, No. 23-2380 (7th Cir. 2023), ECF Nos. 7, 10.

in this case. "[T]he court always retains jurisdiction to enforce its own orders even when those orders are on appeal." *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, No. 17-cv-01973, 2023 U.S. Dist. LEXIS 150717, at *7 n.2 (N.D. Ill. Aug. 26, 2023) (citing *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 638 (7th Cir. 2006)). "Regardless of whether [the losing party] agreed with the . . . Order, he had to follow it unless and until it was undone through proper channels, such as reconsideration by the district judge or vacatur by [the appellate court]." *MacNaughton v. Harmelech*, 932 F.3d 558, 565 (7th Cir. 2019) (citing *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person . . . believes [an] order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk . . . contempt even if the order is ultimately ruled incorrect.")).

## 2.2 Finding of Civil Contempt

"The court's power to enforce its order by civil contempt 'rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner.'" *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 757 (7th Cir. 2008) (quoting *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)). "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States SEC v. Hyatt*, 621 F.3d 687, 692 (7th

Cir. 2010) (citing *Prima Tek II, LLC v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008)).

"The first element of contempt requires the moving party to 'point to a specific decree from the court which set[s] forth in specific detail an unequivocal command which the party in contempt violated.'" *Id.* (quoting *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989)). This element is met. In its August 14, 2023 order, the Court unequivocally and unambiguously mandated that Plaintiff post a bond in the clear amount of $13,020.38 as a condition of his appeal. *See generally* ECF No. 87.

The second element—that Plaintiff "violated that command"—is also clearly met. Notwithstanding the Court's clear directive, Plaintiff posted no portion of the bond ordered. Similarly, Plaintiff's violation was "significant" in that he "did not substantially comply" with the Court's order—indeed, he did not comply in any respect. *See Hyatt*, 621 F.3d at 692 (citing *Prima Tek II, LLC*, 525 F.3d at 542).

Finally, Defendants must show that "the alleged contemnor failed to make a reasonable and diligent effort to comply." *Id*. This element is also met. It is clear that Plaintiff has made no effort, let alone a reasonable one, to comply with the Court's order to post a bond. The reason for his refusal has also been clear; he believes the Court sanctioned him in error and that he has no obligation to pay any amount to Defendants during the pendency of his appeal. *See* ECF No. 85 at 1 (asserting that he has "no need" to pay any sanctions or costs "until a court independent of this Circuit branch can hear the facts of the transgressions" he believes to have occurred in his case); ECF No. 77 at 1 ("The court was made fully aware of [Defendants' alleged] lies and refused to take any action . . . which results in this judgment and any payment of costs to Defendants null and void. In

addition, this judgment is being appealed and as a result, until all proceedings have been completed, no payments are due."); ECF No. 89 at 1 (same).

Plaintiff has made no effort to comply with the Court's directive because he does not believe he is obligated to do so. This belief is mistaken. Neither party moved for a stay of the judgment and order imposing sanctions in this case pending appeal; accordingly, those directives remain in effect notwithstanding the pendency of any appeal. As noted previously, neither Plaintiff's disagreement with the Court's conclusions and the jury's verdict, nor the ongoing nature of his appeal, absolve Plaintiff of his legal obligation to comply with the Court's orders unless and until a higher federal court should reverse them. *See Motorola Sols., Inc.*, 2023 U.S. Dist. LEXIS 150717, at *7 n.2 (citing *Blue Cross & Blue Shield Ass'n*, 467 F.3d at 638); *MacNaughton,* 932 F.3d at 565 (citing *Maness,* 419 U.S. at 458).

Having so concluded, the Court will grant Defendants' motion for a finding of civil contempt against Plaintiff. As relief, the Court imposes the following sanction: in addition to the $13,020.38 bond that Plaintiff remains obligated to post as a condition of his appeal, as a further sanction for his non-compliance, Plaintiff is also hereby ordered to pay to the Clerk of Court the sum of $50 for each day of noncompliance with the Court's August 24, 2023 deadline for posting a bond. ECF No. 87 at 10 ("Plaintiff . . . shall POST as a bond . . . the total sum of $13,020.38 as a condition to his appeal . . . on or before August 24, 2023."). This sanction shall operate retroactive to August 24, 2023, and shall accrue and remain in effect as long as his appeal remains pending, or until such time as the bond requirement is fully satisfied.

**3.     CONCLUSION**

For the reasons set forth above, the Court will grant Defendants' motion for civil contempt and order that beginning on August 24, 2023, Plaintiff pay to the Clerk of Court as a sanction the sum of $50 for each day of noncompliance with the Court's August 14, 2023 order. This sanction shall accrue prospectively for so long as Plaintiff's appeal remains pending or until the bond requirement is fully satisfied.

Accordingly,

**IT IS ORDERED** that Defendants Officer Lete Carlson, Officer Ryan Stuettgen, and Sergeant Wayne Treep's motion for civil contempt, ECF No. 88, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that commencing on August 24, 2023, Plaintiff, William C. Froemming shall pay to the Clerk of Court as a sanction the sum of $50 for each day of noncompliance with the Court's August 14, 2023 order.  This sanction shall accrue prospectively for so long as Plaintiff's appeal remains pending or until the bond requirement is fully satisfied.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2023.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge