# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM C. FROEMMING,<br><br>                Plaintiff,<br><br>v.<br><br>OFFICER LETE CARLSON, OFFICER RYAN STUETTGEN, and SERGEANT WAYNE TREEP,<br><br>                Defendants. | Case No. 19-CV-996-JPS<br><br>**ORDER** |

In February 2023, a jury convened in this matter returned a verdict for Defendants Officer Lete Carlson, Officer Ryan Stuettgen, and Sergeant Wayne Treep ("Defendants"). ECF No. 61. In June 2023, the Court granted in part Defendants' second motion for sanctions against Plaintiff William C. Froemming ("Plaintiff"). ECF Nos. 67, 73. As a sanction, the Court ordered Plaintiff to pay to the Clerk of Court the full cost of empaneling the jury for trial in this matter, which amounted to $1,118.18. ECF No. 73 at 41. The Court also ordered Plaintiff to pay Defendants' "reasonable attorneys' fees and costs associated with responding to Plaintiff's motion for mistrial" and dismissed the action with prejudice and with costs for Defendants. *Id.* at 41–42. The Court additionally ordered that "should Plaintiff elect to file an appeal in this matter, Plaintiff is ordered to post a bond or the cash equivalent for the reasonable attorneys' fees and costs incurred by defense counsel in responding to Plaintiff's motion for mistrial, . . . ; the cost of having empaneled the jury; and Defendants' costs in this action as may be taxed by the Clerk of the Court." *Id.* at 42.

Plaintiff paid no portion of these sums but proceeded to file a notice of appeal. ECF No. 79. Shortly thereafter, Defendants moved the Court to enforce its order requiring the posting of a bond as a condition of appeal. ECF No. 83. In August 2023, the Court granted that motion, reducing Defendants' requested fees and ordering Plaintiff to post a bond or the cash equivalent in the total amount of $13,020.38. ECF No. 87 at 9–10 ($11,350.00 in attorneys' fees, $552.20 in costs, and $1,118.18 as the cost of empaneling the jury). The Court warned that "[f]ailure to [post such bond] w[ould] result in . . . conveyance of that failure to the Seventh Circuit Court of Appeals for its consideration." *Id.* at 10. Plaintiff again failed to post any portion of that bond amount, so the Court made good on its warning and conveyed such failure to the Seventh Circuit. *See Froemming v. City of West Allis et al.*, No. 23-2380 (7th Cir. 2023), ECF No. 8.[1]

In September 2023, Defendants filed a motion for a finding of civil contempt against Plaintiff. ECF No. 88. In October 2023, the Court granted the motion. ECF No. 90. As relief, the Court imposed the following sanction:

> in addition to the $13,020.38 bond that Plaintiff remains obligated to post as a condition of his appeal, as a further sanction for his non-compliance, Plaintiff is also hereby ordered to pay to the Clerk of Court the sum of $50 for each day of noncompliance with the Court's August 24, 2023 deadline for posting a bond. ECF No. 87 at 10 ("Plaintiff . . . shall POST as a bond . . . the total sum of $13,020.38 as a condition to his appeal . . . on or before August 24, 2023."). This sanction shall operate retroactive to August 24, 2023, and shall accrue and remain in effect as long as his appeal remains

---

[1] Plaintiff's misconduct continued beyond this Court into his appeal before the Seventh Circuit. On August 22, 2023, Plaintiff filed before the Seventh Circuit a brief containing over a dozen nonexistent citations with unsupported assertions and nonexistent quotations. *Froemming v. City of West Allis et al.*, No. 23-2380 (7th Cir. 2023), ECF No. 25 at 5.

pending, or until such time as the bond requirement is fully satisfied.

*Id.* at 5.

On January 24, 2024, the Seventh Circuit Court of Appeals affirmed the jury's verdict and the judgment thereon. *William Froemming v. City of West Allis, et al.*, No. 23-2380, ECF No. 25 at 6. (7th Cir. Jan. 24, 2024). The Seventh Circuit, on Defendants' motion, also imposed a $5,000 sanction on Plaintiff, as well as a filing bar. *Id.* at 5–6. The court described Plaintiff's behavior in this matter as constituting a "flagrant abuse of the judicial process." *Id.* at 5.

Now that Plaintiff's frivolous appeal has been resolved, that leaves the Court to calculate the total sanction accrued from August 24, 2023 to January 24, 2024. *See* ECF No. 90 at 5, 6. One hundred and fifty-three (153) days passed during that period, amounting to a sum of $7,650.

For clarity, the Court enumerates the amounts Plaintiff now owes, and to whom: Plaintiff owes the Clerk of Court **$1,118.18** for the cost of empaneling the jury in his case, plus the **$7,650** sanction imposed herein, for a total of **$8,768.18** owed to the Clerk of Court; he also owes to Defendants reasonable attorney's fees assessed against him in the amount of **$11,350.00**, plus **$552.20** in costs as taxed by the Clerk of Court.

Accordingly,

**IT IS ORDERED** that Plaintiff William C. Froemming shall pay to the Clerk of Court sanctions in the total accrued amount of **$8,768.18**; and

**IT IS FURTHER ORDERED** that Plaintiff William C. Froemming shall pay to Defendants attorney's fees in the amount of **$11,350.00** and costs in the amount of **$552.20** as previously ordered.

Dated at Milwaukee, Wisconsin, this 6th day of February, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge